**United States District Court**
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    JULIUS LEE JACKSON,                    No. C 12-0123 WHA (PR)

10              Petitioner,                 **ORDER OF PARTIAL DISMISSAL**
                                            **AND TO SHOW CAUSE;**
11        v.                                **GRANTING LEAVE TO PROCEED**
                                            **IN FORMA PAUPERIS**
12   KAMALA HARRIS,

13              Respondent.
     _____/
14

15                           **INTRODUCTION**

16        Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. 2254.  He has applied for leave to proceed in forma pauperis.  For

18   the reasons discussed below, the petition is **DISMISSED IN PART** and respondent is ordered to

19   show cause why the petition should not be granted on petitioner's cognizable claims.

20                             **ANALYSIS**

21   A.    **STANDARD OF REVIEW**

22        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

23   custody pursuant to the judgment of a State court only on the ground that he is in custody in

24   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose*

25   *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

26   requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

27   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

28   court must "specify all the grounds for relief which are available to the petitioner ... and shall

1    set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

2    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

3    sufficient, for the petition is expected to state facts that point to a 'real possibility of

4    constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

5    688, 689 (1st Cir. 1970)).

6    **B.    LEGAL CLAIMS**

7            1.    Challenges to 1997 conviction

8            In the instant petition, petitioner challenges a conviction from San Mateo County

9    Superior Court in 1997 on the grounds that his guilty plea was coerced, he received ineffective

10   assistance of counsel, and his right to due process was violated.  Petitioner indicates that he

11   received and served a sentence of four years, and that he no longer is in custody on that

12   conviction.  He also indicates that in 2002, the 1997 conviction was one of the "strike"

13   convictions used to enhance the sentence of 25 years to life in state prison, which sentence he is

14   currently serving.

15           The Supreme Court has determined that an expired conviction cannot be challenged in

16   an attack upon the later sentence it was used to enhance.  *Lackawanna County Dist. Attorney v.*

17   *Coss*, 532 U.S. 394, 403-04 (2001) (prior conviction cannot be challenged in a § 2254 petition).

18   An exception to this rule exists, however, for a claim that the prior conviction was

19   unconstitutional because there was a failure to appoint counsel in violation of the Sixth

20   Amendment right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *See*

21   *Coss*, 532 U.S. at 404.  There was no such failure in connection with his 1997 conviction, as

22   petitioner indicates that he had counsel.  As a result, the *Gideon* exception to *Coss* does not

23   apply, and petitioner's claims challenge his 1997 conviction are not cognizable in a federal

24   habeas petition.

25           2.    Challenges to Prison Conditions

26           Petitioner also claims that certain conditions of his confinement are inadequate.  The

27   preferred practice in the Ninth Circuit also has been that challenges to conditions of

28   confinement should be brought in a civil rights complaint.  *See Badea v. Cox*, 931 F.2d 573, 574

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1  (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement);

2  *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas

3  petition on basis that challenges to terms and conditions of confinement must be brought in civil

4  rights complaint).  Accordingly, petitioner's claims challenging the conditions of his

5  confinement will be dismissed without prejudice to filing in a civil rights complaint.

6        3.    <u>Challenge to his 2001/2002 Conviction and Sentence</u>

7        The attachments to the form petition indicate that petitioner was convicted of assault

8  with a deadly weapon in San Mateo County Superior Court in 2001, and sentenced to state

9  prison under California's "Three Strikes" laws in 2002 for a term of 25 years to life.  He

10  challenges this conviction and sentence on the following grounds: (1) there was insufficient

11  evidence that his prior convictions qualify as "strikes;" (2) the prosecutor committed

12  misconduct by withholding exculpatory evidence concerning petitioner's prior convictions; (3)

13  the trial court improperly failed to dismiss one of his prior "strike" convictions; and (4) the trial

14  court erred in not allowing the jury to hear, and instructing the jury that it would not hear,

15  evidence concerning petitioner's 1997 conviction and plea agreement.  When liberally

16  construed, these claims challenge the validity of petitioner's 2001 conviction and 2002 sentence

17  and are cognizable.

18                              **CONCLUSION**

19        In light of the foregoing,

20        1.  The claims challenging petitioner's 1997 conviction, as described above, are

21  **DISMISSED**, and the claims challenging the conditions of petitioner's confinement, as described

22  above, are **DISMISSED** without prejudice.  The claims challenging petitioner's 2001 conviction

23  and 2002 sentence are, when liberally construed, cognizable.

24        2.  clerk shall mail a copy of this order and the petition with all attachments to the

25  respondent and the respondent's attorney, the Attorney General of the State of California.  The

26  clerk shall also serve a copy of this order on the petitioner.

27        3.  Respondent shall file with the court and serve on petitioner, within ninety days of the

28  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

United States District Court

For the Northern District of California

Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

4.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6.  The application for leave to proceed in forma pauperis is **GRANTED** in light of petitioner's lack of funds.

**IT IS SO ORDERED.**

Dated: January    31    , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\JACKSON0123.OSC.wpd